IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MEGHAN HARLEE, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. 8:24-cv-3109-PX |
| CLARK CHENEY, Chief Administrative Law Judge, U.S. International Trade Commission, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM ORDER

Pending before the Court is a consolidated action brought by Plaintiff Meghan Harlee ("Harlee") against Chief Administrative Law Judge Clark Cheney ("Judge Cheney") and Acting Director for the Office of Security and Support Services Rogelio Garcia ("Garcia"), both of the United States International Trade Commission ("USITC"). Harlee seeks state peace orders against the Defendants. Harlee initially filed the peace order petitions in Montgomery County District Court. Before the hearing on such orders, Defendants removed the cases to this Court pursuant to 28 U.S.C. §§ 1441 & 1442. The matters are now consolidated.[1] Defendants move to dismiss the actions for lack of subject matter jurisdiction. For the following reasons, the motions are granted.

**I.    Background**

On April 29, 2024, Harlee was notified that she would be terminated from her job with USITC. ECF No. 17-2 ¶ 16. Evidently, Harlee did not take this news well. She refused to return her work-issued laptop and security badge; engaged in unauthorized activity on her

---

[1] *Harlee v. Cheney*, No. 8:24-cv-03109-PX ("*Harlee I*"), and *Harlee v. Garcia*, No. 8:24-cv-03193-PX ("*Harlee II*") are now consolidated. Unless otherwise indicated, all docket citations in this Order refer to filings in *Harlee I*. Filings from *Harlee II* are cited as "*Harlee II*, ECF No. __."

1

agency computer; and resisted instructions to vacate the building when issued the administrative leave notice. *Id.* ¶¶ 15–17. Garcia was notified on the same day that Harlee would not leave the USITC building. *See Harlee II*, ECF No. 7-2 ¶ 8. Eventually Harlee left, but she returned the next day to pick up her belongings. Further conflict required the Federal Protective Service to intervene and escort Harlee off campus. *Id.* ¶ 18.

In the ensuing months, Harlee initiated repeated and escalating contact with USITC personnel. *Id.* ¶¶ 19–26. She reportedly sent more than sixty emails, voicemails, and other messages to former supervisors and colleagues. *Id.* Some communications were directed to Judge Cheney's personal cell phone, in which she threatened to harm herself. *Id.* ¶¶ 19 & 22. Judge Cheney grew concerned for Harlee's personal safety, so he alerted the Montgomery County Crisis Center, which in turn, contacted the Montgomery County Police to perform a welfare check on Harlee. *Id*. ¶ 20.

Between May and October 2024, Garcia also received numerous reports of Harlee's threatening behavior. *See Harlee II*, ECF No. 7-2 ¶ 11. For example, on May 6, 2024, Garcia learned that Harlee had allegedly threatened Administrative Law Judge, Mary Joan McNamara, saying "She was cute in firing me. I'll give her a little snap, crackle, pop because don't pull the trigger on a gun, and the gun jam—just don't do that. So you don't even have to explain the process to me anymore because it is about to get handled. She is about to get handled." *Id.* Garcia alerted interagency partners about his concerns and spoke to Harlee's father about the situation. *Id.* ¶¶ 17–20. In response, Harlee demanded that Garcia not contact her family members. *Id.* ¶ 22.

Harlee subsequently accused Judge Cheney of lying about her and intending to do her harm. ECF No. 6 at 1. Harlee also claimed that Judge Cheney falsely alleged she possessed a

2

firearm, "stalked" her relatives, and engaged in harassing behavior with the singular aim of having Harlee jailed. *Id.* at 4.

On October 15 and 16, 2024, Harlee filed ex parte petitions with the Montgomery County District Court for Temporary Peace Orders against Defendants. ECF No. 6; *Harlee II,* ECF No. 1-3. Each petition was granted on an ex parte basis. ECF No. 14-4; *Harlee II*, ECF No. 11-3. The district court also set follow-up hearing dates of October 22 and October 24, 2024, at which time it would decide whether to deny or extend the peace orders. ECF No. 14-3; *Harlee* II, ECF No. 4. Defendants next removed the cases to this Court and moved to dismiss the claims on sovereign immunity grounds. ECF Nos. 1, 7; *Harlee II*, ECF Nos. 1, 17. Harlee opposes the motions to dismiss. ECF No. 20; *Harlee II*, ECF No. 14.

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the Court's limited subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). Whether the Court retains subject matter jurisdiction must be decided before reaching the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Thus, viewing the facts most favorably to the plaintiff, *Lovern*, 190 F.3d at 654, dismissal is warranted where the complaint fails to state the jurisdictional basis of the claim. *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).

Defendants rightly argue that the claims are barred by sovereign immunity. ECF No. 17*; see Harlee* II, ECF No. 7. Suits against federal officers in their official capacity are treated as suits brought against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

3

The United States enjoys sovereign immunity from suit unless that immunity has been waived, either by congressional enactment or other express and unequivocal consent. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

Defendants are indisputably federal employees who are sued for acts taken in connection with their employment. Their handling of a disgruntled employee, Harlee, as they did, clearly fell within their official responsibilities at the USITC. Indeed, the ex parte petitions acknowledge as much. ECF No. 1; *Harlee* II, ECF No. 1. Thus, Defendants are immune from suit.

To the extent Harlee pursues relief against Defendants for tortious acts covered by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680, the claims are likewise barred. The FTCA represents a limited congressional waiver of sovereign immunity for suits against the United States for monetary damages based in tort. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). But the Act excludes claims seeking injunctive relief, such as peace orders. *See* 28 U.S.C. § 1346(b)(1); *Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014). Given that Harlee pursues this particular injunctive relief, the matter falls outside the limited waiver available under the FTCA. *See* 28 U.S.C. § 2680(h); *see also Perkins v. Dennis*, No. CV TDC-16-2865, 2017 WL 1194180, at *3 (D. Md. Mar. 30, 2017).

Accordingly, and based on the foregoing, it is this 19th day of May 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. *Harlee v. Garcia*, No. 8:24-cv-03193-PX, and *Harlee v. Cheney*, No. 8:24-cv-03109-PX, are CONSOLIDATED.

2. The Motion for Extension of Time to Respond to the Complaint (ECF No. 3 in Civil Action No. 8:24-cv-03193-PX), filed by Defendant Rogelio Garcia, is GRANTED nunc pro tunc;

3. The Motion to Dismiss filed by Defendant Clark Cheney (ECF No. 17 in Civil Action No. 8:24-cv-03109-PX) is GRANTED;

4. The Motion to Dismiss filed by Defendant Rogelio Garcia (ECF No. 7 in Civil Action No. 8:24-cv-03193-PX) is GRANTED;

5. Plaintiff Meghan Harlee's Motion for Recusal (ECF No. 13), Motion for Default Judgment (ECF No. 22), and Request for Emergency Hearing (ECF No. 10), all filed in *Harlee v. Cheney*, Civil Action No. 8:24-cv-03109-PX, are DENIED AS MOOT;

6. Civil Action Nos. 8:24-cv-03109-PX and 8:24-cv-03193-PX are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction;

7. The Clerk is DIRECTED to TRANSMIT copies of this Order to the parties of record; and

8. The Clerk is further DIRECTED to CLOSE Civil Action Nos. 8:24-cv-03109-PX and 8:24-cv-03193-PX.

| May 19, 2025 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |